## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TYQUON WILLIAMS** | : |
| | :     **CIVIL ACTION NO.** |
| **Plaintiff** | :     **3:22-CV-01125-SALM** |
| | : |
| **V.** | : |
| | : |
| **STATE OF CONNECTICUT,** | : |
| **DEPARTMENT OF** | : |
| **TRANSPORTATION, ET AL** | :     **APRIL 27, 2023** |
| | : |
| **Defendants** | : |

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF OBJECTION TO DEFENDANTS' MOTION TO DISMISS

## FACTS

The Plaintiff is currently employed by the State of Connecticut Department of Transportation. During his employment and continuing to date, the Defendants, Pasqualino Bruno and Joe Kelly, are supervisory employees of the State of Connecticut Department of Transportation and have supervised the Plaintiff. The Plaintiff, Tyquan Williams' race/color is African American, Black. The Plaintiff's employment position with the State of Connecticut Department of Transportation is Maintainer 2. During the Plaintiff's employment with the State of Connecticut, Plaintiff has requested training to advance to Grade 3 positions

1

(Maintainer 3). The Plaintiff has been denied, and continues to be denied, training to Grade 3 positions by his supervisors including the Defendants, Pasqualino Bruno and Joe Kelly, both Caucasian supervisors for the State of Connecticut Department of Transportation. While the Plaintiff has been denied training to advance to Grade 3 positions other Caucasian co-workers have been allowed to train for Grade 3 positions. In addition, the Plaintiff has been denied training for Grade 3 positions; the Plaintiff has also been made to perform harder job duties in comparison to Caucasian co-workers; Plaintiff has also had his work scrutinized more than other Caucasian co-workers. The Plaintiff's supervisor Joe Kelly referred to the Plaintiff and other African American employees as "worthless ni\*\*\*rs". Another supervisor, Pasqualino Bruno informed the Plaintiff that he will "run the place like a prison and make us (Plaintiff-African American employees) feel at home". Additional comments have been made in the Plaintiff's workplace in which Caucasian co-workers have been allowed to refer to Plaintiff as "a lazy n\*\*\*\*r". In addition, the Defendant supervisors, Pasqualino Bruno and Joe Kelly, would hold meetings with only Caucasian co-workers to discuss and coordinate complaints against the Plaintiff and other African-American employees. The actions of the Defendants, Joe Kelly and Pasqualino Bruno, against the Plaintiff including denying the Plaintiff training for Grade 3 positions was the result of

2

differential treatment based on the Plaintiff's protected class, Black, African American and also based on the intent of the Defendants, Kelly and Bruno, in selectively treating the Plaintiff different from other similarly situated maintainers which actions were made maliciously and in bad faith. Other similarly situated maintainers for the State of Connecticut Department of Transportation, who were not Black, African American, were treated differently and more favorable, including but not limited to providing training for the Grade 3 Maintainer position. In addition, the Defendants, Kelly and Bruno, acted with malice and bad faith in intentionally failing to provide training to the Plaintiff for the Grade 3 Maintainer position. The Plaintiff has alleged that the Defendants, Kelly and Bruno, intentionally, recklessly and/or negligently deprived the Plaintiff of his rights, privileges and immunities secured to him by the constitution and laws of the United States and State of Connecticut including failing to afford the Plaintiff equal protection of the laws in violation of Article 1, Section 20 of the Constitution of the State of Connecticut and the 14th Amendment of the United States Constitution in addition depriving the Plaintiff of his civil rights thereby violating 42 U.S.C. Section 1983 in that the Defendants selectively treated the Plaintiff differently based on his race and color (African American, Black) and with malicious and bad faith intent to injure the Plaintiff, and also failed, and continue

to fail, to provide the Plaintiff with an opportunity to train for the Grade 3 Maintainer position.

The Plaintiff has alleged his earning capacity has been substantially impaired, he has lost and will continue to suffer from humiliation and severe physical and emotional injuries and distress, he has and will continue to incur litigation expenses and attorney's fees and the quality of his life has been substantially diminished, all to his loss and detriment. The Plaintiff has filed an amended complaint in response to the court's previous order concerning the Defendants' motion to dismiss, which amended complaint seeks prospective injunctive relief.

**ARGUMENT**

### I. STANDARD FOR MOTION TO DISMISS

The function of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) is to assess the legal sufficiency of the complaint. Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). Thus, "the issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236, 40 L. Ed. 2d 90, 94 S. Ct. 1683 (1974).

A motion to dismiss should not be granted for failure to state a claim unless is appears beyond doubt, even when the complaint is liberally construed, that the plaintiff can prove no set of facts that would entitle him or her to relief. Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957); Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). In ruling on a motion to dismiss, the Court is limited to the facts set forth in the complaint, any documents attached thereto or incorporated by reference, and matters of which the Court may take judicial notice. Hirsch v. Arthur Andersen & Co., 72 F.3d 1085, 1088, 1092 (2d Cir. 1995); Kramer v. Time Warner Inc., 937 F.2d 767, 773 (2d Cir. 1991).

On a motion to dismiss under Rule 12(b)(6), the Court "must assume the truth of all well-plead[ed] facts and give the plaintiff the benefit of all reasonable inferences therefrom." Ruiz v. Bally Total Fitness Holding Corp., 496 F.3d 1, 5 (1st Cir. 2007) (citing Rogan v. Menino, 175 F.3d 75, 77 (1st Cir. 1999)). Materials attached to a complaint, or incorporated by reference, are a part of the pleading itself, and the Court may consider them on a motion to dismiss. Trans-Spec Truck Serv. v. Caterpillar, 524 F.3d 315, 321 (1st Cir. 2008). To survive a motion to dismiss, the plaintiff must state a claim that is plausible on its face. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929

5

(2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id. at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 556).

## II. THE PLAINTIFF HAS SUFFICIENTLY ALLEGED SECTION 1983 CLAIMS AGAINST THE DEFENDANTS.

Section 1983 imposes liability upon "[e]very *person* who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . ." (emphasis added) 42 U.S.C. §1983. Congress enacted §1983 pursuant to its authority under §5 of the fourteenth amendment, which "empowers Congress to abrogate state sovereign immunity." Sullins v. Rodriguez, supra, 281 Conn. 139. A state, however, "as an entity having immunity under the eleventh amendment to the United States Constitution, is not a 'person' within the meaning

6

of §1983 and thus is not subject to suit under §1983 in either federal court or state court." (Internal quotations omitted.) Miller v. Egan, 265 Conn. 301, 311, 828 A.2d 549 (2003), citing Howlett v. Rose, 496 U.S. 356, 365, 110 S.Ct. 2430, 110 L.Ed.2d 332 (1990). The Supreme Court has further interpreted §1983, however, as it applies to state officials. "[S]tate officials sued for money damages in their official capacities are not 'persons' within the meaning of §1983 because the action against them is one against the office and, thus, no different from an action against the state itself . . . State officials are, however, 'persons' within the meaning of §1983 and may be held personally liable when sued as individuals for actions taken in their official capacities and, thus, under color of law. (citations omitted) Sullins v. Rodriguez, supra, 281 Conn. 141.

While a state is not a "person" under §1983, "a state official in his or her official capacity, when sued for injunctive relief, would be a person under §1983 because official-capacity actions for prospective relief are not treated as actions against the State." Braham v. Newbould, 160 Conn.App. 294, 309, 124 A.3d 977 (2015), quoting Will v. Michigan Department of State Police, 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). This exception applies to prospective injunctive relief and it includes an ongoing violation of the plaintiff's constitutional rights. Id.

The eleventh amendment to the United States Constitution establishes immunity from suits in federal court, in law or equity, against the states. In Ex Parte Young, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908), however, the Supreme Court held that the eleventh amendment does not deprive the federal courts of the power to require state officials to comply with the federal Constitution. A state official who acts in violation of the Constitution is "stripped of his official or representative character and is subjected in his person to the consequences of his individual conduct." Id., 159-60. Prospective relief that requires a state official to comply with the federal Constitution operates against the official in his or her personal capacity and is outside the scope of the eleventh amendment, which affords sovereign immunity to states but not individuals. "In determining whether the doctrine of Ex Parte Young avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint [1] alleges an ongoing violation of federal law, and [2] seeks relief properly characterized as prospective." (Internal quotation marks omitted.) Verizon Maryland, Inc. v. Public Service Commission of Maryland, 535 U.S. 635, 645, 122 S. Ct. 1753, 152 L. Ed. 2d 871 (2002). The United States Supreme Court has clarified that "the inquiry into whether suit lies under Ex Parte Young does not include an analysis of the merits of the claim." Id., at 646.

8

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To adequately allege a violation, "a plaintiff must demonstrate that he was treated differently than others similarly situated as a result of intentional or purposeful discrimination." Phillips v. Girdich, 408 F.3d 124, 129 (2d Cir. 2005).

The Plaintiff states a claim for violation of his equal protection rights on the basis of [Plaintiff's] membership in [a protected] class.'" Weslowski v. Zugibe, 14 F. Supp. 3d 295, 2014 U.S. Dist. LEXIS 44041, 2014 WL 1612967, at *21 (S.D.N.Y. Mar. 31, 2014) (quoting Chambers v. TRM Copy Ctrs. Corp., 43 F.3d 29, 37 (2d Cir. 1994)).

The Plaintiff has specifically plead that the individual Defendants, Kelly and Bruno, acted with malice and intentionally failed to provide training to the Plaintiff for the Grade 3 Maintainer position (Paragraph 5 of complaint). The Plaintiff has also specifically alleged that the Defendants, Kelly and Bruno, in denying the Plaintiff training for the Grade 3 position was the result of the Plaintiff's protected class, Black, African American, and also based on the Defendants, Kelly and Bruno, selectively treating the Plaintiff differently than other similarly situated maintainers (non-protected basis) and that the individual

9

Defendants' actions were done maliciously and in bad faith, all in violation of the Plaintiff's equal protection rights (Paragraphs 9,17). The Plaintiff continues to be employed by the State of Connecticut Department of Transportation and continues to be precluded from training for job duties so as to be eligible for a Maintainer 3 position. Without being trained on certain machinery and/or tools, the Plaintiff is unable to obtain/be considered for promotion to a Maintainer 3 position.

The Plaintiff has also alleged that the Defendant, Kelly, referred to the Plaintiff and other African American employees as "worthless n****rs" and that the individual Defendant, Bruno, informed the Plaintiff that he (Bruno) would "run the place (transportation garage) like a prison" and make the Plaintiff (African American employee) Feel at home." (Paragraph 8). Construing the Plaintiff's complaint in the favor of the Plaintiff, the Plaintiff has sufficiently alleged that the individual Defendants, Kelly and Bruno, participated directly in the constitutional violations alleged in that they individually participated in conduct that violated the Plaintiff's equal protection rights by failing to allow the Plaintiff to be trained for a Maintainer 3 position preventing him from being promoted from a Maintainer 2 position.

The Defendant incorrectly attempts to argue that he is not subject to an ongoing violation of his federal rights. Contrary to this claim, the violation of the Plaintiff's constitutional rights are continuing and he has not been provided with an opportunity to train for promotion to a Maintainer 3. The Plaintiff is not seeking retroactive declaratory relief but is seeking prospective injunctive relief based on the ongoing violation of federal law. Finch v. New York State Office of Children & Family Servs., 499 F.Supp 2d, 521, 539 (2007, SDNY) The Defendant, Mr. Bruno, is still serving in a supervisory administrative position in State of Connecticut, Department of Transportation, Maintenance District 3. The Plaintiff is still currently working in the same Maintenance District 3 as a Maintainer 2 and is alleging that he continues to be precluded from being given or being allowed training which would allow him to be promoted to a Maintainer 3 position. Mr. Bruno being a supervisor in Maintenance District 3, the same Maintenance District where Plaintiff is employed, has detrimentally effected the Plaintiff's ability to train for a Maintainer 3 position. **(Plaintiff's Affidavit attached hereto).**

The Defendants attempt to submit additional facts in connection with the motion to dismiss in an attempt to provide a sufficient basis upon which to conclude that the Defendants' actions do not amount to a constitutional violation over which the court has jurisdiction, but the court must construe the allegations

11

of the complaint favorably to the plaintiff and resolve any doubts about its jurisdiction in favor of exercising jurisdiction. The motion to dismiss the federal constitutional claims for injunctive relief against the individual defendants sued in their official capacities should be denied.

## CONCLUSION

Based on the foregoing the instant objection should be sustained and the Defendant's motion to dismiss should be denied.

THE PLAINTIFF

By _____/s/_____
JOHN T. BOCHANIS ct 00138
DALY, WEIHING & BOCHANIS
1776 North Avenue
Bridgeport, CT 06604
Telephone (203) 333-8500
e-mail: lawdwb@sbcglobal.net

## **CERTIFICATION**

This is to certify that on April 27, 2023, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

/s/
JOHN T. BOCHANIS ct00138

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **TYQUON WILLIAMS** | : |
| | : **CIVIL ACTION NO.** |
| **Plaintiff** | : **3:22-CV-01125-SALM** |
| | : |
| **V.** | : |
| | : |
| **STATE OF CONNECTICUT,** | : |
| **DEPARTMENT OF** | : |
| **TRANSPORTATION, ET AL** | : **APRIL 27, 2023** |
| | : |
| **Defendants** | : |

## AFFIDAVIT OF TYQUON WILLIAMS

I, Tyquon Williams, hereby depose and state the following;

1) I am over the age of eighteen years and believe in the obligation of an oath;

2) I am the Plaintiff in the above captioned matter and I am familiar with the facts contained herein;

3) I am currently employed by the State of Connecticut Department of Transportation. During my employment, the Defendants, Pasqualino Bruno and Joe Kelly, are supervisory employers of the State of Connecticut Department of Transportation and have supervised me.

4) My race/color is African American, Black.

5) My employment position with the State of Connecticut Department of Transportation is Maintainer 2. During my employment with the State of Connecticut, I have requested training to advance to Grade 3 positions.

6) I have been denied training to Grade 3 positions by my supervisors including the Defendants, Pasqualino Bruno and Joe Kelly, both Caucasian supervisors for the State of Connecticut Department of Transportation.

7) While I have been denied training to advance to Grade 3 positions, other Caucasian co-workers have been allowed to train for Grade 3 positions.

8) In addition, I have been denied training for Grade 3 positions and I have also been made to perform harder job duties in comparison to Caucasian co-workers;

9) I have also had my work scrutinized more than other Caucasian co-workers;

10) My supervisor Joe Kelly referred to myself and other African American employees as "worthless ni***rs".

11) Another supervisor, Pasqualino Bruno informed me that he will "run the place like a prison and make us (Plaintiff-African American employees) feel at home".

12) Additional comments have been made in my workplace in which Caucasian co-workers have been allowed to refer to me as "a lazy n****r".

13) In addition, the Defendant supervisors, Pasqualino Bruno and Joe Kelly, would hold meetings with only Caucasian co-workers to discuss and coordinate complaints against myself and other African-American employees.

14) The actions of the Defendants, Joe Kelly and Pasqualino Bruno, against the me including denying me training for Grade 3 positions was the result of differential treatment based on my protected class, Black, African American and also based on the intent of the Defendants, Kelly and Bruno, in selectively treating me different from other similarly situated maintainers which actions were made maliciously and in bad faith.

15) I continue to be precluded from being trained on job duties and machinery that would allow me to be promoted to the maintainer 3 position.

16) I am currently a Maintainer 2 in the State of Connecticut, Department of Transportation District 3.

17) Mr. Bruno continues to serve in a supervisory administrative position for District 3, the same district I am currently employed.

_____
Tyquon Williams

Subscribed and sworn to before me on this the _____ day of April 2023.

_____
Commissioner of the Superior Court
Notary Public
My Commission Expires: